**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

UKRAINE,

                              **Petitioner,**

              -against-

PAO TATNEFT,

                              **Respondent.**

----------------------------------------------------------------X

------------------------------------------------------------ X
UKRAINE,

                              **Petitioner,**

              -against-

PAO TATNEFT,

                              **Respondent.**

----------------------------------------------------------------X

------------------------------------------------------------ X
PAO TATNEFT,

                              **Plaintiff,**

              -against-

UKRAINE,

                              **Defendant.**

----------------------------------------------------------------X

**21-MC-00376 (JGK)(SN)**

**<u>ORDER</u>**

**22-MC-00036 (JGK)(SN)**

**25-MC-00212 (JGK)(SN)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/23/2026

----------------------------------------------------------------- X

PAO TATNEFT,

                    **Petitioner,**           **26-MC-00071 (JGK)(SN)**

            **-against-**

UKRAINE,

                    **Respondent.**

-----------------------------------------------------------------X

----------------------------------------------------------------- X

PAO TATNEFT,

                    **Petitioner,**           **26-MC-00072 (JGK)(SN)**

            **-against-**

UKRAINE,

                    **Respondent.**

-----------------------------------------------------------------X

----------------------------------------------------------------- X

PAO TATNEFT,

                    **Petitioner,**           **26-MC-00076 (JGK)(SN)**

            **-against-**

WINSTON & STRAWN LLP and UKRAINE,

                    **Respondents.**

-----------------------------------------------------------------X

----------------------------------------------------------------- X

PAO TATNEFT,

                                Petitioner,                  26-MC-00077 (JGK)(SN)

       -against-

HOLLAND & KNIGHT LLP and UKRAINE,

                                Respondents.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

On April 10, 2026, the parties filed competing proposed protective orders regarding the pending third-party subpoenas served by PAO Tatneft ("Tatneft"). See Case No. 21-mc-00376, ECF Nos. 145-1 ("Tatneft Proposed P.O."); 146-1 ("Ukraine Proposed P.O."). Despite the Court's encouragement for the parties to engage in a meaningful meet and confer process to reach an agreement, the parties submitted substantially different proposed protective orders. The major points of dispute between the two competing protective orders include: (1) Ukraine's limitations on the scope of Tatneft's subpoenas; (2) the definition for classified information; (3) the amount of time Ukraine receives for reviewing third-party productions in the first instance; and (4) the process for seeking judicial intervention regarding any withheld materials.

The Court reviewed the parties' submissions and finds that Tatneft's proposed protective order is more consistent with the Court's March 20, 2026 Order. See Case No. 21-mc-00376, ECF No. 144 ("March 20, 2026 Order"). However, the Court will not adopt Tatneft's proposed order as written, as it does not sufficiently address Ukraine's legitimate national security concerns, particularly in the context of an ongoing war. Thus, the Court directs the parties to continue to meet and confer with the following guidance.

**Highly Sensitive Documents**. Tatneft's limitation that only "Classified Information" may be withheld is too narrow. Tatneft Proposed P.O. § 5.2. Given the legitimate national security and wartime constraints, Ukraine must be able to withhold other highly sensitive information that may harm national security, military, or diplomatic interests.

**Production of Material**. Ukraine must be compelled to produce documents received by third parties "within a specified timeframe." March 20, 2026 Order. Ukraine's essentially limitless proposal is unreasonable. See Ukraine Proposed P.O. § IV(A). Thus, absent further compromise, the Court will adopt Tatneft's proposal of a presumptive 30-day review window, not to exceed 75 days. See Tatneft Proposed P.O. § 5.1.

**Judicial Intervention**. The Court rejects parts of both parties' proposals with respect to the need for judicial intervention. First, the Court rejects Tatneft's proposal that Ukraine would have to apply to the Court, in the first instance, to obtain an order "confer[ring] additional protections" for "any non-Classified Information" that Ukraine seeks to withhold. Tatneft Proposed P.O. § 5.4. Such a proposal would require extraordinary judicial engagement, including for matters that the parties might otherwise resolve. Ukraine must be authorized to reasonably and in good faith designate and withhold documents that it deems necessary to protect national security, military, or diplomatic interests, provided that Ukraine furnishes a sufficiently detailed log of all withheld materials. Both parties incorporate a meet-and-confer obligation on designation disputes. See Tatneft Proposed P.O. § 7.2; Ukraine Proposed P.O. § VI(B). If, however, Tatneft maintains a good-faith challenge to the designation of a document, Ukraine must be obligated to seek judicial intervention to justify its challenged designation. Thus, the Court agrees with Tatneft that Ukraine should bear the burden of persuasion if Ukraine designates or withholds a document that Tatneft subsequently challenges.

**Scope of Subpoenas**. The Court rejects Ukraine's attempt to include a provision that would broadly limit the scope of Tatneft's subpoenas. See Ukraine Proposed P.O. § III. As the Court explained in its prior Order, the Court will approve a "generally applicable protective order." March 20, 2026 Order. The scope of the third-party subpoenas, what materials should or should not be withheld, and which entities should or should not produce materials will be resolved by the Court on a case-by-case basis through the discovery stages and the challenge procedures outlined in the protective order. The Court will not broadly limit the scope of all of Tatneft's pending subpoenas through the protective order. This is in part the Court's view because even documents that may not be subject to attachment under the relevant laws, may lead to discovery of such assets.

**Disclosure of Protected Material.** It is unreasonable to require Ukraine's approval before an expert retained by Tatneft reviews documents. See Ukraine Proposed P.O. § I(G). Instead, as is typical, disclosure of protected material shall be limited to the needs of the case, and the parties shall execute and retain agreements binding non-parties to the protective order. See Tatneft Proposed P.O. §§ 6.3, 6.4. The parties shall meet and confer as to whether "current government officials of the Russian Federation or any of its political subdivisions or constituent republics," id. § 6.3, captures Ukraine's legitimate concern that information obtained in this litigation could be used in the war effort.

## CONCLUSION

With these additional considerations in mind, the parties are ORDERED to continue the meet and confer process to develop a joint protective order by no later than Friday, May 1, 2026. The parties are directed to work off of Tatneft's proposed protective order filed on April 10, 2026. If the parties are still unable to reach an agreement, each side shall submit a clean and redline-version of its agreed-to provisions by no later than Friday, May 1, 2026. After the Court

approves a protective order, the Court will issue a separate order authorizing a first phase of discovery based on the information provided in the parties' recent letters. See Case No. 21-mc-00376, ECF Nos. 147, 148.

A discovery conference to discuss any disputes regarding the protective order is scheduled for Monday, May 4, 2026, at 1:00 p.m., in Courtroom 219, Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. This conference will be adjourned if the parties are able to reach an agreement on a joint protective order.

The Clerk of Court is respectfully requested to close the motions at Case No. 21-mc-00376, ECF Nos. 33, 121, 145, 146; and Case No. 22-mc-00036, ECF No. 91.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated:        April 23, 2026
              New York, New York

6